Mary G. Thompson (SBN 249200)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
mt@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff

FILED
MAY 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

GARRY JONES, an individual.

Plaintiff,

v.

ABSOLUTE RESOLUTIONS CORP., a corporation; DANIEL KING, an individual; and DOES 1-10, inclusive;

Defendants.

Civil Case No. '08 CV 0868 W BLM

**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)**

## COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff **GARRY JONES** is a natural person residing in California.

4. Defendant **ABSOLUTE RESOLUTIONS CORP.** (ARC) is a California Corporation doing the business in California of collecting consumer debts owed to another, with its principal place of business located at 2667 Camino Del Rio South, Suite 200, San Diego, CA 92108.

5. Defendant **DANIEL KING** is a natural person and an employee of ARC.

6. Defendants are all engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true

names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. Plaintiff is an Active Duty member of the United States Marine Corps.

14. In September 2005, Plaintiff contracted to purchase a computer from The Military Circuit of Oceanside; pursuant to the contract, Plaintiff had three days to cancel the contract and return the computer.

15. The day after his purchase, Plaintiff attempted to return the computer, but The Military Circuit of Oceanside was closed; Plaintiff left a letter stating that he wished to return the computer and cancel the contract.

16. The following day, Plaintiff returned the computer in perfect condition to The Military Circuit of Oceanside.

17. The Military Circuit of Oceanside accepted the return, and Plaintiff heard nothing further about the contract until December 2007.

18. In December 2007, Plaintiff received a letter dated November 19, 2007, from ARC.

//

19. In the November 19, 2007, letter, ARC demanded $3,714.24, the full balance reflected on the contract with The Military Circuit of Oceanside (the "DEBT").

20. In late December, 2007, KING called Plaintiff in an attempt to collect the DEBT.

21. Plaintiff informed KING that he had returned the computer and did not owe any money.

22. KING told Plaintiff that unless Plaintiff could produce a receipt for the return, Plaintiff would have to pay.

23. Since more than two years had passed, Plaintiff no longer had the receipt.

24. KING threatened to have Plaintiff criminally charged through the Uniform Code of Military Justice.

25. KING threatened to "pursue legal action" or words to that effect; Plaintiff believed he would be sued.

26. Plaintiff spoke to KING approximately 10-15 times; each time, Plaintiff explained that he did not owe the DEBT.

27. In March 2008, KING called Plaintiff's command and spoke to two of Plaintiff's supervisors: Plaintiff's First Sergeant and Plaintiff's Master Sergeant.

28. KING called Plaintiff's supervisors more than once.

29. KING disclosed the DEBT to Plaintiff's supervisors.

30. As a result of KING's calls, Plaintiff's Master Sergeant called Plaintiff into his office and ordered Plaintiff to take care of the matter.

31. As a result of the conduct alleged above, Plaintiff suffered severe stress and worry, was forced to take time off work, and was humiliated.

## V. FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

32. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

33. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

(a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

(b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

(e) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(f) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(g) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(h) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(i) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(j) The Defendants violated 15 U.S.C. § 1692e(4) by giving the impression that nonpayment of a debt will result in the arrest or imprisonment of a person and/or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(k) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(l) The Defendants violated 15 U.S.C. § 1692e(7) by giving the false impression that the consumer committed a crime or other conduct in order to disgrace the consumer;

(m) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(n) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(o) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(p) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

34. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

35. Plaintiff repeats, realleges and incorporates by reference all of foregoing

paragraphs.

36. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.10(b) by threatening that the failure to pay a consumer debt will result in an accusation that the Plaintiff has committed a crime where such accusation, if made, would be false;

(b) The Defendants violated California Civil Code §1788.10(f) by threatening to take action against the Plaintiff which is prohibited by this title;

(c) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(d) The Defendants violated California Civil Code §1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt;

(e) The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

(f) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

(g) The Defendants violated California Civil Code §1812.700 by failing to include the notice required by that section.

37. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

38. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//

## VII. THIRD CLAIM FOR RELIEF

**(As against all Defendants for Invasion of Privacy: Public Disclosure of Private Facts)**

39. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

40. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

41. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully disclosing Plaintiff's alleged debt to third parties.

42. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

43. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

44. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

D. For punitive damages;

E. For such other and further relief as the Court may deem just and proper.

//

//

Date: May 9, 2008

Mary G. Thompson
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 9, 2008

Mary G. Thompson,
Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

GARRY JONES, an individual.

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mary G. Thompson Law Offices of Eric F. Fagan 2300 Boswell Rd., Suite 211, Phone: 619-656-6656; Fax: 775-898-5471

**DEFENDANTS**

ABSOLUTE RESOLUTIONS CORP., a corporation; DANIEL KING, an individual; and DOES 1-10, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0868 W BLM

FILED
MAY 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 Various violations of the Fair Debt Collections Practices Act.

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 5-12-08 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 150965 AMOUNT $350— APPLYING IFP JUDGE MAG. JUDGE

TB 05/15/08



UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150965 -- MB

May 15, 2008
13:21:41

Civ Fil Non-Pris
USAO #.: 08CV0868 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.: $350.00 CK
Check#.: BC1980

Total-> $350.00

FROM: GARRY JONES VS ABSOLUTE
RESOLUTIONS CORP, ET AL