KENYON M. YOUNG, State Bar No. 139363
BRAGG & KULUVA
610 West Ash Street, Suite 1105
San Diego, CA 92101
Telephone (619) 525-8090
Facsimile (619) 525-8095

Attorneys for Defendant,
Absolute Resolutions Corp.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SOUTHERN DISTRICT**

GARRY JONES, AN INDIVIDUAL,

Plaintiff,

vs.

ABSOLUTE RESOLUTIONS CORP., A CORPORATION; DANIEL KING, AN INDIVIDUAL; AND DOES 1-10, INCLUSIVE

Defendants.

CASE NO. '08 CV 0868 W BLM

**ANSWER TO COMPLAINT BY DEFENDANT ABSOLUTE RESOLUTIONS CORP. ; DEMAND FOR JURY TRIAL**

COMES NOW Defendant ABSOLUTE RESOLUTIONS CORP., and answering on file herein, admits, denies and alleges as follows:

1. As to Paragraph 1, Defendant ABSOLUTE RESOLUTIONS CORP. (hereinafter Defendant ARC) lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his proof.

2. As to Paragraph 2, Defendant ARC admits that Plaintiff asserts that jurisdiction arises under Federal statutes and has requested that the court exercise supplemental jurisdiction over the state law claims. Defendant admits that it does business within this jurisdiction; that this court has jurisdiction, and that venue is proper.

3. As to Paragraph 3, Defendant ARC admits GARRY JONES is a natural person, but is without sufficient knowledge or information to form a belief as to the remaining allegations in said paragraph concerning GARRY JONES' state of residence.

4. As to Paragraph 4, Defendant ARC admits the allegations.

5. As to Paragraph 5, Defendant ARC admits the allegations, except for the allegation that DANIEL KING is currently an employee of Defendant ARC, which is denied.

6. As to Paragraph 6, Defendant ARC admits, for itself, those allegations of the Complaint.

7. As to Paragraph 7, Defendant ARC is without sufficient knowledge or information to admit those allegations of the complaint, and therefore denies the allegations set forth therein.

8. As to paragraph 8, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

9. As to paragraph 9, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

10. As to paragraph 10, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

11. As to paragraph 11, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

12. As to paragraph 12, Defendant ARC admits that Plaintiff alleges the purpose for enacting the "FDCPA".

13. As to paragraph 13, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

14. As to paragraph 14, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

15. As to paragraph 15, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

16. As to paragraph 16, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

17. As to paragraph 17, Defendant ARC is informed and believes, and thereupon denies the Military Circuit of Oceanside accepted the return of the computer. Defendant ARC is otherwise without sufficient knowledge or information to admit the remaining allegations and therefore, leaves the plaintiff to his proof.

18. As to paragraph 18, Defendant ARC admits that a November 19, 2007 letter was sent to GARRY JONES. Defendant ARC is otherwise without sufficient knowledge or information to admit the remaining allegations and therefore, leaves the plaintiff to his proof.

19. As to paragraph 19, Defendant ARC admits the allegations.

20. As to paragraph 20, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

21. As to paragraph 21, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

22. As to paragraph 22, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

23. As to paragraph 23, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

24. As to paragraph 24, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

25. As to paragraph 25, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

26. As to paragraph 26, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

27. As to paragraph 27, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

28. As to paragraph 28, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

29. As to paragraph 29, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

30. As to paragraph 30, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

31. As to paragraph 31, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

32. As to paragraph 32, Defendant ARC admits that GARRY JONES repeats and re-alleges and incorporates by reference the preceding paragraphs.

33. As to paragraph 33(a) through (p), Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

34. As to paragraph 32, Defendant ARC denies the allegation that it is liable for any damages.

35. As to paragraph 35, Defendant ARC admits that GARRY JONES repeats and re-alleges and incorporates by reference the preceding paragraphs.

36. As to paragraph 36(a) through (g), Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

37. As to paragraph 37, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

38. As to paragraph 38, Defendant ARC denies the allegation that it is liable for any damages.

39. As to paragraph 39, Defendant ARC admits that GARRY JONES repeats and re-alleges and incorporates by reference the preceding paragraphs.

40. As to paragraph 40, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

41. As to paragraph 41, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

42. As to paragraph 42, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

43. As to paragraph 43, Defendant ARC is without sufficient knowledge or information to admit those allegations and therefore, leaves the plaintiff to his proof.

44. As to paragraph 44, Defendant ARC denies the allegations, and that is liable for any damages.

**AFFIRMATIVE DEFENSES**

45. Plaintiff's Complaint, in whole, or in part, fails to state a claim upon which relief can be granted.

46. Plaintiff's claims, in whole, or in part, are barred by the applicable statute of limitations.

47. That all of answering Defendant's actions were taken in good faith and with due care, and answering Defendant did not directly, or indirectly, engage in the alleged act or acts constituting the alleged violations or causes of action asserted by Plaintiff.

48. Plaintiff's claims are barred by the doctrine of estoppel.

49. Plaintiff's claims are barred by the doctrine of laches.

50. Plaintiff's claims are barred by the doctrine of waiver.

51. Plaintiff's claims are barred by the doctrine of res judicata.

52. Plaintiff's claims are barred by the doctrine of collateral estoppel.

53. Plaintiff failed to mitigate his damages, if any were suffered.

54. Plaintiff's damages, if any, were caused by Plaintiff's own actions or inactions.

55. Plaintiff's damages, if any, were caused by the actions or inactions of others over whom this answering Defendant had no control.

56. The alleged violations and/or causes of action asserted by Plaintiff are the result of a bona fide mistake.

57. Answering Defendant reserves the right to add additional affirmative defenses as may be discovered through future discovery.

WHEREFORE, Defendant ABSOLUTE RESOLUTIONS CORP. prays that Plaintiff GARRY JONES take nothing by way of his Complaint; and that Defendant ABSOLUTE RESOLUTIONS CORP. be dismissed hence with costs of suit incurred herein, and for such other further relief as the Court deems fit and proper.

DATED: July 11, 2008

BRAGG & KULUVA

By: ______________________
KENYON M. YOUNG
Attorneys for Defendant
Absolute Resolutions Corp.

**DEMAND FOR JURY TRIAL**

Defendant Absolute Resolutions Corp. hereby demands a trial by jury.

DATED: July 11, 2008

BRAGG & KULUVA

By: ______________________

KENYON M. YOUNG
Attorneys for Defendant
Absolute Resolutions Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GARRY JONES, AN INDIVIDUAL )
vs. )
ABSOLUTE RESOLUTIONS CO )

Case No. 08 CV 0868 W BLM

**DECLARATION OF SERVICE**

Person Served: Garry Jones

Date Served: 07/14/08

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents: Answer to Complaint by Defendant Absolute Resolutions Corp.; Demand for Jury Trial in the following manner: (check one)

1) By personally delivering copies to the person served.

2) By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3) By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ✘ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, CA on July 14, 2008.

Law Offices of Eric F. Fagan
2300 Boswell Road, Suite 211, Chula Vista, CA 91914

Executed on July 14, 2008 at San Diego, CA

PRISCILLA E. PAIRIS

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)